UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>                          Petitioner,<br><br>         v.<br><br>GEORGE NEOTTI, Warden - Richard J. Donovan Correctional Facility<br><br>                          Respondent. | Civil No.   10-cv-01695-LAB (POR)<br><br>**PROPOSED FINDING OF FACT AND RECOMMENDATION THAT PETITIONER'S FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS BE DENIED**<br><br>**[ECF No. 3]** |

On October 13, 2010, Petitioner Lenin Garcia ("Petitioner"), a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, seeking relief following the issuance of a prison counseling chrono while housed at Richard J. Donovan Correctional Facility. (ECF No. 3.) Petitioner claims he was wrongfully found guilty of a prison infraction in violation of his right to due process. (*Id.*) Petitioner further alleges the state court's denial of his state petition for writ of habeas corpus was decided on improper grounds. (*Id.*)

In his Answer, Respondent contends the petition is successive and fails to allege a cognizable claim for federal habeas corpus relief. (ECF No. 9 at 6-8.)

In accordance with Local Rule 72.1(d), this Court issues the following Proposed Findings of Fact and Recommendation for Disposition. For the reasons set forth below, the Court respectfully recommends that the Petition be DENIED.

//

//

# I. Background

## A. Factual Background

Because the facts of Petitioner's underlying conviction are not relevant to the issues raised in the First Amended Petition, they are not included in this section. Instead, the Court briefly summarizes the facts related to Petitioner being issued a counseling chrono. Petitioner is a life prisoner in custody of the California Department of Corrections and Rehabilitation who is serving two consecutive life sentences plus five years for convictions of kidnapping for ransom, attempted extortion, assault with a deadly weapon, second degree robbery, and conspiracy to commit robbery. (ECF No. 9 at 1-2.)

On October 14, 2008, Petitioner was serving in his capacity as a member of the Men's Advisory Counsel ("MAC"), an elected association of inmates who act as advocates for inmate interests and as liasons between the inmates and prison administration. (ECF No. 3 at 16, 22.) Petitioner contends he asked a correctional officer to let him out on the prison yard to conduct duties pertaining to the MAC. (*Id.* at 16.) Correctional Officer (now Correctional Sergeant) D. Reed was operating the control booth at the time Petitioner sought to gain entrance to the prison yard. (*Id.*) Petitioner alleges Officer Reed did not permit him to access the yard in retaliation for prior issues the officer had with Petitioner. (*Id.*) Also, on October 14, 2008, Petitioner claims he filed a grievance against Officer Reed for refusing to let him access the prison yard. (*Id.*)

On October 26, 2008, Officer Reed assessed Petitioner with a 128-A[1] write-up alleging Petitioner misuses his MAC authority by playing cards when he is supposed to be performing official duties, Petitioner is "constantly late in locking up," and Petitioner "fails to program." (ECF No. 3, Exhibit C.) Petitioner has submitted an exhibit that places him in a different location at the time Officer Reed claims he was playing cards. (*Id.* at Exhibit D.)

## B. Procedural Background

Petitioner filed a petition for writ of habeas corpus in San Diego County Superior Court on October 6, 2009. (ECF No. 3 at 21.) The petition alleged his right to due process was violated

---

[1] "The CDC 128-A form is considered an administrative action and used to document minor disciplinary infractions pursuant to California Code of Regulations title 15, sections 3084.7 and 3312." (ECF No. 9 at 2.)

because the 128-A was arbitrary and unsupported by the evidence. (*Id.* at 22.) On the same day, the court issued an Order for Informal Response, finding that Petitioner made a prima facie case for relief because an arbitrary disciplinary write-up may affect Petitioner's parole suitability determination. (*Id.*) Following a review of the parties' informal responses, the court denied the petition for failure to state a claim citing *In re Johnson* (2009) 176 Cal. App. 4th 290 because Petitioner did not suffer a loss of credits based on the 128-A. (*Id.* at 22-23.)

On May 5, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth Appellate District, Division One, containing the same allegations as the Superior Court petition. (ECF No. 3 at 25.) The appeal was denied on the basis that Petitioner's 128-A did not impose an atypical and significant hardship on him, a requirement for judicial review of a prison disciplinary action expounded by *Sandin v. Conner*, 515 U.S. 472 (1995). (*Id.* at 25-26.)

On May 5, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court alleging the same claims as his previous petitions. (Lodgment 5.) The court denied the petition without comment on July 14, 2010. (ECF No. 3 at 27.)

On August 11, 2010, Petitioner filed a petition for writ of habeas corpus in this Court. (ECF No. 1.) The petition contained the same allegations as his state court petitions. (*Id.*) On August 20, 2010, this Court issued an Order dismissing the petition without prejudice, and with leave to amend, for failure to pay the filing fee, failing to submit the proper form, and failure to state a cognizable habeas claim. (ECF No. 2.)

On October 13, 2010, Petitioner filed his First Amended Petition For Writ of Habeas Corpus containing the same substantive arguments as his previous petitions. (ECF No. 3.) On December 20, 2010, Respondent filed an Answer to Petitioner's First Amended Petition For Writ of Habeas Corpus. (ECF No. 9.) Petitioner filed a Traverse to his First Amended Petition on January 3, 2011. (ECF No. 10.)

## II. Standard of Review

Title 28 U.S.C. section 2254(a), allows for federal review of "the judgment of a State court only on the ground that [the habeas petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2007). The Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA") applies to habeas corpus petitions filed after 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). The current petition was filed in 2010, and is governed by the AEDPA. As amended by the AEDPA, 28 U.S.C. section 2254(d) reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In addition to the AEDPA's limitation of federal court review to "violation[s] of the Constitution of laws or treaties of the United States," 28 U.S.C. § 2254(a), the United States Supreme Court has also instructed that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991).

Federal habeas review is available to assess the constitutionality of a judgment of a state court. Where there is no reasoned decision from the state's highest court to review, a federal court "looks through" the silent state court decision to the "last reasoned opinion" issued in the state's courts. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 805 (1991). In Petitioner's case, the California Supreme Court denied Petitioner's state petition for writ of habeas corpus without comment. Therefore, in reviewing Petitioner's claims, this Court looks to the reasoned opinion by the California Court of Appeal, Fourth Appellate District, Division One, dated May 18, 2010 (ECF No. 3 at 25) - which denied Petitioner's Petition for writ of habeas corpus. *Ylst*, 501 U.S. at 801-06.

### III. Discussion

**A.     Petitioner's First Amended Petition For Writ of Habeas Corpus is Not Successive**

Respondent's first argument is that the First Amended Petition is successive because it raises the same legal claims as a prior petition filed in this court. (ECF No. 9 at 6.) Respondent contends as a successive petition, Petitioner's First Amended Petition must be dismissed because none of the exceptions to AEDPA's bar on successive petitions applies. (*Id.*)

On August 11, 2010, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. On

August 24, 2010, the Court dismissed the Petition for failure to pay the filing fee, failure to use the proper forms, and failure to state a cognizable habeas claim. (ECF No. 2.) Petitioner filed his First Amended Petition after he corrected the two technical deficiencies (filing fee and improper form). (ECF No. 3.) While Petitioner has previously filed a petition in this Court, the original petition was filed in the instant case and was dismissed without prejudice, and with leave to amend. (ECF No. 2.) When an initial petition for writ of habeas corpus is dismissed for technical reasons, a subsequent petition is not considered to be successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998). Because the First Amended Petition cures the pleading deficiencies of a previous petition that Petitioner was given leave to amend, it is not successive. *See Stewart*, 523 U.S. at 645. Accordingly, the Court RECOMMENDS Plaintiff's First Amended Petition NOT be DENIED on the basis that it is successive.

**B.      Petitioner Has Not Stated a Cognizable Claim for Habeas Corpus Relief**

Petitioner raises the instant petition challenging the 128-A write-up, which he exhausted administratively by appealing the decision to the highest possible administrative level. (ECF No. 3, Exhibit F.) Petitioner contends the manner in which his 128-A write-up was processed administratively, and how the California Superior Court reached their denial of his state court petition regarding the infraction, all amount to constitutional violations. (*Id.* at 16-20.)

On December 20, 2010, Respondent filed an Answer in response to Petitioner's First Amended Complaint. (ECF No. 9.) In his answer, Respondent contends Petitioner has failed to state a cognizable claim for federal habeas corpus relief. (*Id.* at 7-8.) Specifically, Respondent alleges Petitioner's 128-A write-up did not affect the duration of his sentence or impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." (*Id.* at 7 (citing *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)).)

Challenges to the fact or duration of confinement are properly brought by a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to the conditions of confinement, however, are properly brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to

1   immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of
2   habeas corpus. *Id.* at 500. Constitutional challenges arising from the conditions of prison life and
3   not pertaining to the fact or length of custody, however, are properly addressed in a § 1983 action
4   rather than a Petition for Writ of Habeas Corpus. *Id.* at 499; *McIntosh v. United States Parole*
5   *Comm'n*, 115 F.3d 809, 811-12 (10th cir. 1997).

6   After reviewing Petitioner's First Amended Petition and all accompanying documents, it
7   appears that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper
8   vehicle for Petitioner's claims. The instant petition, like all of Petitioner's prior petitions, challenges
9   the conditions of Petitioner's prison life rather than the *fact* or *length* of his custody. Petitioner's
10  fundamental complaint arises from an allegedly groundless rules violation he received in retaliation
11  for filing complaints against prison staff. (ECF No. 3 at 16.) However, by Petitioner's own
12  admission, he did not suffer a loss of credits as a result of the violation. (*Id*.) Thus, Petitioner has
13  not stated a cognizable habeas claim because he is not challenging the *duration* of his confinement.
14  *See* 28 U.S.C. 2254(a); *Presier*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85
15  (1994)(emphasis added.)

16  If a prisoner is not challenging the *duration* of his sentence in a petition for writ of habeas
17  corpus in federal court, the only remaining cause of action would be to challenge the *constitutional*
18  *validity* of the underlying state court conviction. *See* 28 U.S.C. 2254(a). Here, Petitioner's
19  complaint cannot be interpreted to claim his state court conviction violates the Constitution or laws
20  of the United States. It is plain from the First Amended Petition that Petitioner is claiming the
21  issuance of a prison counseling chrono violated his right to due process, not his state court
22  conviction. Therefore, since "it plainly appears from the face of the petition and any exhibits
23  annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. §
24  2254, the Court hereby RECOMMENDS Petitioner's First Amended Petition be DENIED.
25  ///
26  ///
27  ///
28  ///

## IV. Conclusion

After thorough review of the record in this matter and based on the foregoing analysis, this Court recommends that the Petition for Writ of Habeas Corpus be DENIED. This Proposed Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, the Honorable Larry Burns, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than August 10, 2011**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no later than **fourteen days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 15, 2011

_____
LOUISA S PORTER
United States Magistrate Judge

cc:   The Honorable Larry Burns
       all parties