# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENIN GARCIA,<br><br>    Petitioner,<br><br>vs.<br><br>GEORGE NEOTTI,<br><br>    Respondent. | CASE NO. 10cv1695-LAB (DHB)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Lenin Garcia filed his petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to Magistrate Judge Louisa Porter for report and recommendation, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Judge Porter issued her report and recommendation (the "R&R"), to which Garcia has filed written objections.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The R&R recommends denying the petition because Garcia seeks remedies unavailable through writ of habeas corpus, because he is not challenging the fact or length of his custody. The R&R summarizes Garcia's claim as arising from an allegedly groundless rules violation he received in retaliation for filing complaints against prison staff. He did not suffer a loss of good-time credits as a result of the disciplinary accusation, and the length of his sentence was unaffected by it. The R&R reasons that he is only challenging the conditions of his confinement, so the proper means of bringing his claim is an action pursuant to 42 U.S.C. § 1983.

Garcia's objections don't challenge the R&R's characterization of his claim. Rather, he argues that because the state courts where he first brought his claim were willing to treat his claim as one for habeas relief, this Court should do so as well. (*See* Obj. to R&R (Docket no. 12), 1:24–2:12.) In fact, the state court decisions he attached to his traverse show he is mistaken. The traverse (Docket no. 10) includes a decision by the California Superior Court (Ex. 3 (Dkt. no. 10 at 24–27)) and the last reasoned decision, that of the California Court of appeal. (Ex. 4 (Dkt. no. 10 at 29–45).) Both decisions show that the state courts recognized Garcia thought he was pursuing habeas relief, but in fact there was no right to review for the injuries he claimed, and habeas jurisdiction was lacking. (*See* Dkt. no 10 at 27:13–18; 29.)

The R&R, however, does not examine federal habeas jurisdiction closely enough, and the Court will therefore do so now. Under Ninth Circuit precedent, federal courts can exercise habeas jurisdiction where the expungement of a challenged prison disciplinary record is "likely to accelerate the prisoner's eligibility for parole." *See Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003); *Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989). Although it is clear Garcia could bring a § 1983 suit for the types of deprivations he alleges here, it does not follow that he could not also vindicate his rights by means of habeas review. *See Docken v. Chase*, 393 F.3d 1024, 1027 (9th Cir. 2004) (noting that habeas and § 1983 can be available to remedy the same types of rights violations). For Garcia, the advantage of bringing a § 1983 action would include the ability to bring broader claims and potentially seek

broader remedies, not merely expungement. Those remedies not not, however, include immediate or quicker release from confinement; that is available only via habeas review. *See Docken* at 1026–27. A great disadvantage would be that, because the relief he seeks—expungement of a disciplinary finding—necessarily implies the invalidity of that conviction, the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) would bar his claim. *See Jackson v. Swarthout*, 2013 WL 4049547, slip op. at *3 (E.D.Cal., Aug. 7, 2013) (*Heck* bar applies to § 1983 actions seeking expungement of prison disciplinary findings, but not to habeas petitions). In fact, *Heck* contemplates that a complainant will first seek either direct review or habeas review, whichever is appropriate.

The Ninth Circuit has not elaborated on the degree of likelihood required for the "likely to accelerate" determination. *See Birdwell v. Martel*, 2012 WL 761914, at *4 and n.2 (E.D.Cal., March 7, 2012). The state court determined that although the write-up Garcia received was not itself disciplinary, the implications were potentially serious and it was "likely the Board for Parole Hearings would consider [such a write-up] in reaching a decision on parole." (Traverse, Ex. 1 (Docket no. 10 at 14–15).) This claim is still at the pleading stage, so the Court will liberally construe this evaluation, together with Garcia's own allegations, (*see* Traverse at 10), as adequately pleading "likelihood of acceleration".[1] In view of this, the Court believes it can exercise jurisdiction over Garcia's habeas claim, under *Ramirez* and *Bostic*. Because the law is unsettled, however, and because evidence of the likelihood of parole was not provided, the Court recognizes it is open to reasonable argument.

/ / /

---

[1] The Court's own dockets provide evidence that Petitioner has repeatedly filed § 1983 actions against other prison officials, accusing them of retaliating against him for falsely writing him up. *See, e.g., Garcia* et al. *v. Smith*, et al., 10cv1187-AJB (RBB); *Garcia v. Smith,* et al., 10cv2433-JAH (MDD); *Garcia v. Rivera*, 11cv763-MMA (KSC); and *Garcia v. Cluck,* et al.12cv718-AJB (NLS). It is possible Garcia has other write-ups and disciplinary findings against him. If he does, the "likelihood of acceleration" analysis would tilt more strongly away from jurisdiction. This is especially true if there are other factors that make parole less likely, such as if Garcia's conviction or convictions were for serious crimes, and if he had not served much time following those convictions. *See Nguyen v. Hill*, 2012 WL 5381256, at *2 (E.D.Cal., Oct. 31, 2012) (considering other factors weighing on the likelihood of parole to determine that disciplinary finding would not speed up petitioner's release). Of course at this stage, the Court accepts the pleadings as true.

Ordinarily Garcia would be required to exhaust his claims in state court, but here, California's courts found habeas review was unavailable. *See* 28 U.S.C. § 2254(b)(1)((B)(i) and (ii) (providing that exhaustion of state court remedies is not required where there is an absence of available corrective process, or that process cannot effectively protect the applicant's rights).

On the merits, Garcia cannot prevail. His own allegations show he received the procedural protections required under *Wolff v. McDonnell*, 418 U.S. 539 (1974). He claims he was found guilty of this disciplinary violation based on evidence the trier of fact knew to be falsified. He claims the trier of fact was presented with "overwhelming exculpatory evidence which proves that petitioner is innocent of the charges" (Am. Pet., at 6; *see also id.*, Appendix ("Summary of the Case," Docket no. 3 at 14–20.)

Much of Garcia's "evidence" is in fact just his own arguments, and accusations of retaliation, and the evidence he does cite is not overwhelming or conclusive. He provides documentation showing that he had a pass to be in a classroom on October 22, 2008 from 8:50 to 10:00 (Pet., Ex. D), and that he asked for information from the prison log book and found that dayroom release for the his tier on that day was 9:15 to 10:15. The write-up, or chrono, (Pet., Ex. C), says that "at approximately 1000 hours" while Garcia was on dayroom release, Garcia presented Officer Reed with a memo saying he was free to go where he wanted to. The write-up says Garcia could not go out simply because he wanted to; that Garcia had spent half an hour playing cards in the dayroom instead of conducting Men's Advisory Council business as he was supposed to; and that Garcia was "constantly late in locking up and fails to program as the other inmates do" in the same housing unit. (*Id*.) The evidence for motive to retaliate is a grievance Garcia filed against Reed the previous year.

The state court reviewed the evidence and found Garcia made out a prima facia case for relief. It determined this because "all, if not portions of the chrono, appear arbitrary, unsupported by any evidence or fact, and/or based solely upon the opinion of the correctional officer." (Traverse, Ex. 1 (Docket no. 10 at 15).) At first blush, this might sound as if Garcia appeared to be clearly innocent. But on further review, it is clear the state court

merely questioned whether disciplinary charges could properly be brought on Reed's opinion evidence, whether playing cards was a rules violation, and what the basis for the officer's conclusions about tardiness in locking up and failing to program. In other words, a prima facie case was not the overwhelming case Garcia claims it was.

It is important to remember that, because Garcia is seeking habeas relief, his claim is essentially that he was improperly found guilty of a disciplinary violation; it is not a claim against Reed for lying or falsifying evidence. The question, therefore, is whether he was denied due process of law. *See Smith v. Goss*, 2013 WL 4011606, at *9 (E.D.Cal., Aug . 6 2013) ("[T[he Due Process clause does not guarantee freedom from false testimony.")

Prisoners undergoing disciplinary proceedings are not entitled to all the rights that would normally attach in a criminal prosecution. *Wolff*, 418 U.S. at 556. Rather, they are only entitled to certain minimal protections. *Id*. Garcia's claim doesn't rest on allegations that any of these protections weren't met, and the record suggests they were met. With regard to the claim he focuses on—whether he was convicted on the basis of falsified evidence—it is clear that he was permitted to present his own evidence and put on a defense. He points to that evidence, in fact. When these procedural protections have been met, due process is satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994). *Compare Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (when an inmate has been afforded procedural due process in a disciplinary hearing, allegations of false charges fail to state a claim under § 1983).

Some Courts in this Circuit have subjected claims such as this to the "actual innocence" standard. *See Napoleon v. Babcock*, 2012 WL 1639881, at *8 (E.D.Cal., May 9, 2012). Habeas review does not amount to a *de novo* review by this Court of the evidence, to determine whether the Court would have made the same findings. *Id*. Rather, review is deferential and official proceedings are entitled to a presumption of correctness; the standard is "extremely high." *Id*. (citing *Carriger v. Stewart*, 132 F.3d 463, 476–77 (9th Cir. 1997)) (noting that the "actual innocence" standard is extremely high, and does not amount to a trial *de novo*). This standard is not met here.

The documentary evidence Garcia cites doesn't show that Reed's accusations were untrue as to material points. Garcia's argument is based on the time of day Reed says he saw Garcia in the dayroom; he claims that his group was released at 9:10 and not at 10:00 as claimed. (Pet., Ex. F.) He characterizes this as an alibi. (Traverse at 4 (describing documentation showing he was in the classroom as an alibi).) Garcia also points to evidence Reed wanted to retaliate against him.

It isn't clear why Garcia's evidence amounts to a solid alibi. But even accepting his argument as true doesn't mean Reed was intentionally lying, or, more importantly, that the finder of fact was bound to conclude he was. It was a matter for consideration, of course, but Garcia had an opportunity to present his own evidence, and did so. The chrono was written four days after the alleged incident, and describes the time as approximate. The trier of fact could reasonably have concluded that Reed's recollection of the times or dates was somewhat mistaken, without concluding he was lying. Furthermore, a number of the accusations have no particular time frame, and merely accuse Garcia of repeatedly locking up late, and "fail[ing] to program." In its response to the state court's directive to substantiate the disciplinary finding, Respondent's counsel emphasized that the gravamen of the complaint about card-playing was the fact that Garcia was abusing his position on the Men's Advisory Counsel by playing cards when he should have been working, and otherwise abusing his position to further his own needs. (Traverse, Ex. 2 at 3 (Dkt. no. 10 at 20).) The particular time when that took place is not central to the finding.

Garcia argues that the disciplinary procedure didn't accord with state law, and that this therefore deprived him of due process. But errors of state law don't form the basis for federal habeas relief. *See Estelle v. McGuire,* 502 U.S. 62, 67 (1991).

Garcia identifies other potential claims, such as retaliation, but these have no effect on the duration of his confinement and are not cognizable on habeas review. *See, e.g., Muhammad v. Close*, 540 U.S. 754–55 (2004) (prisoner who brought a retaliation claim did not raise any claim on which habeas could have been granted). He also identifies claims that are not actionable in this Court at all, such as alleged errors in the state court judgments.

The Court **OVERRULES** Garcia's objections that the Court is bound by state court construction of his claims. Nevertheless, it does appear he has a habeas claim that the Court can exercise jurisdiction over. That portion of the R&R that determined that habeas review was unavailable is **MODIFIED** to include the analysis set forth above. Nevertheless, Garcia's claims fail on the merits, and it appears he cannot cure them by amendment. The petition is **DENIED**.

Although much of this analysis is based on unsettled areas of the law, the Court has resolved those in Garcia's favor. If it should prove that the Court lacks jurisdiction over Garcia's habeas claim, he would still lose. Because the trier of fact could reasonably have believed the evidence against Garcia and made a disciplinary finding against him, and because the standard for reversing such a finding is so extremely high, the Court concludes that jurists of reason would not find the matter debatable. The certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED: August 21, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge